IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA,
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT |
| | ) ) | JURY TRIAL DEMAND |
| JACOBSON MEMORIAL HOSPITAL CARE CENTER, | ) ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful retaliation and to provide appropriate relief to Mammie M. Pierce. As alleged with greater particularity below, Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Jacobson Memorial Hospital Care Center ("Jacobson" or "Defendant") violated Title VII when it terminated Ms. Pierce in retaliation for Ms. Pierce complaining of racial harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant has continuously been doing business in the State of North Dakota and the City of Elgin, and has continuously employed at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, Charging Party Mammie M. Pierce filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.      In her charge, EEOC Charge No. 444-2019-01239, Ms. Pierce alleged that Defendant retaliated against her by terminating her after she reported an incident of racial harassment.

8.      On August 15, 2023, the Commission issued to Jacobson a Letter of Determination finding reasonable cause to believe that Jacobson violated Title VII by terminating Ms. Pierce in retaliation for participating in protected activity. At that time, the

EEOC invited Jacobson to join with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. By letter dated September 13, 2023, the Commission informed Jacobson that it was unable to secure from Jacobson a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Ms. Pierce is African American.

12. Ms. Pierce began employment with Defendant as a Certified Nursing Aide ("CNA") on or around November 13, 2018.

13. Ms. Pierce provided direct and indirect patient care under the supervision of Defendant's nurses and answered to the Director of Nursing. She also worked alongside support staff who assisted with patient activities, cleaning, and food services.

14. Ms. Pierce performed the duties of her position in a satisfactory manner.

15. Ms. Pierce engaged in protected activity on May 11, 2019, when she complained about a co-worker calling her a "f*cking n****r."

16. On May 17, 2019, six days later, Defendant terminated Ms. Pierce in retaliation for reporting racial harassment.

17. Through its actions complained of in Paragraphs 11 through 16 above, Defendant retaliated against Ms. Pierce in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Ms. Pierce for reporting racial harassment.

18. The effects of the practices complained of in Paragraphs 11 through 16 above have been to deprive Ms. Pierce of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in activity protected by Title VII

19. The unlawful employment practices complained of in Paragraphs 11 through 16 above were intentional.

20. The unlawful employment practices complained of in paragraphs 11 through 16 above were done with malice or with reckless indifference to the federally protected rights of Ms. Pierce.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliation against employees who complain of practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs that protect persons who engage in activity protected by Title VII, and which eradicate the effects of its past unlawful employment practice.

C. Order Defendant to make Ms. Pierce whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in Paragraphs 11 through 16.

D. Order Defendant to make Ms. Pierce whole by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in Paragraphs 11 through 16 above, in amounts to be determined at trial.

E. Order Defendant to make Ms. Pierce whole by providing compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering,

inconvenience, loss of enjoyment of life, and humiliation, resulting from the unlawful practices complained of in Paragraphs 11 through 16 above, in amounts to be determined at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in Paragraphs 11 through 16 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Christopher Lage
Deputy General Counsel

Gregory M. Gochanour
Regional Attorney

Ann Henry
Acting Supervisory Trial Attorney

/s/ Annie Gallerano
Annie Gallerano
Trial Attorney
U.S. Equal Employment Opportunity
   Commission
Chicago District Office
230 S. Dearborn, Suite 2920
Chicago IL 60604
312-872-9669
anne.gallerano@eeoc.gov