IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER GRANTION MOTION TO INTERVENE** |
| vs. | ) ) ) | |
| Jacobson Memorial Hospital Care Center, | ) ) | Case No.  1:23-cv-192 |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission ("EEOC") initiated the above-entitled action as a result of Mammie M. Pierce's ("Pierce") discrimination charge and its subsequent finding that there was reasonable cause to believe that defendant had unlawfully discriminated against Pierce.

On October 23, 2023, Pierce filed a motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a).   (Doc. No. 7).

Rule 24(a)(1) provides that "[o]n timely motion, the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute." This case is brought by EEOC pursuant to 42 U.S.C. § 2000e-5(f)(1). That section specifically provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]." The Eighth Circuit has construed section 42 U.S.C. § 2000e-5(f)(1) to confer an unconditional right to intervene upon the charging party whose claim provides the basis for the EEOC action. EEOC v. Woodman of World Life Ins. Co., 479 F.3d 561, 569 (8th Cir. 2007) ("Title VII explicitly preserves the employee's unconditional right to vindicate her own interests by intervening in the EEOC's enforcement action.").

1

Accordingly, Pierce's motion (Doc. No. 7) is **GRANTED**. Pierce shall file her complaint with the court by October 30, 2023.

**IT IS SO ORDERED.**

Dated this 25th day of October, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
