UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| U. S. Equal Employment Opportunity Commission,<br><br>   Plaintiff,<br>and<br><br>Mammie M. Pierce,<br><br>   Plaintiff-Intervenor,<br><br>vs.<br><br>Jacobson Memorial Hospital Care Center,<br><br>   Defendant. | Case No. 1:23-cv-00192-CRH<br><br>**DEFENDANT JACOBSON MEMORIAL HOSPITAL CARE CENTER'S ANSWER TO PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

  Defendant, Jacobson Memorial Hospital Care Center ("Jacobson"), for its Answer to the Complaint of Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), *see* Doc. ID No. 1, states and alleges as follows:

  1. Jacobson denies each and every allegation in the Complaint except as specifically admitted, qualified, or explained.

**NATURE OF THE CASE**

  2. With respect to the Paragraph purporting to contain the "nature of the case," that Paragraph simply contains the EEOC's characterization of the lawsuit to which no response is required. To the extent a response is required, Jacobson denies the allegation in that Paragraph.

**JURISDICTION AND VENUE**

  3. Jacobson admits that this Court has subject-matter jurisdiction over this matter as set forth in Paragraph 1 of the Complaint.

4. Jacobson admits that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as set forth in Paragraph 2.

## PARTIES

5. Jacobson admits the allegations in Paragraphs 3, 4, and 5.

## ADMINISTRATIVE PROCEEDINGS

6. Jacobson admits the allegations in Paragraph 6.

7. With respect to the allegations in Paragraph 7, Defendant admits that Intervenor-Plaintiff Mammie M. Pierce ("Pierce") alleged in EEOC Charge Number 444-2019-01239 ("EEOC Charge") that it was her "belief [she] was discriminated against on the basis of race (black) and/or in retaliation for engaging in protected activity." Jacobson denies the allegations in the EEOC Charge.

8. Jacobson admits the allegations in Paragraphs 8 and 9.

9. Paragraph 10 contains a legal conclusion to which no response is required.

## STATEMENT OF CLAIMS

10. Upon information and belief, Jacobson admits the allegations in Paragraph 11.

11. With respect to the allegations in Paragraph 12, Jacobson denies that Pierce was its employee, as that term is defined under the applicable law. Pierce was an employee of AWM Staffing, Inc. ("AWM Staffing"), with which Jacobson contracted for staffing of medical personnel. Jacobson admits that Pierce provided services to Jacobson as a Certified Nursing Aide ("CNA") on assignment from AWM Staffing for specified periods of time and that the first such period of time began on or about November 13, 2018. Jacobson otherwise denies the allegations in Paragraph 12.

12. Jacobson admits the allegations in Paragraph 13.

13. With respect to the allegations in Paragraph 14, the phrase "satisfactory manner" is ambiguous and subjective such that Jacobson lacks sufficient knowledge or information to form a belief about the allegations and, therefore, denies the same.

14. Jacobson denies the allegations in Paragraphs 15, 16, 17, 18, 19, and 20.

## PRAYER FOR RELIEF

15. Jacobson denies the EEOC's Prayer for Relief.

## AFFIRMATIVE DEFENSES

16. The Complaint fails to state a claim upon which relief can be granted.

17. The EEOC's claims may be barred by the statutes of limitation and/or doctrines of waiver, laches, estoppel, release, unclean hands, or res judicata.

18. Pierce was not an employee of Jacobson, as that term is defined under the applicable law.

19. Jacobson acted in good faith and with reasonable grounds to believe its actions complied with applicable law.  Jacobson did not act with malice or reckless indifference for Pierce's rights.

20. Jacobson exercised reasonable care to prevent and promptly correct any alleged harassing, discriminatory, and/or retaliatory behavior.

21. Pierce failed to take advantage of preventative or corrective opportunities for any alleged harassing, discriminatory, and/or retaliatory behavior, which were provided by Jacobson.

22. Jacobson did not engage in any discriminatory practice, retaliation, or reprisal in violation of any applicable law.

23. Jacobson did not subject Pierce to any adverse employment action as Pierce abandoned her assignment from AWM Staffing with Jacobson.

24. To the extent Pierce suffered any adverse employment action, all actions by Jacobson were for legitimate, non-discriminatory, non-retaliatory reasons.

25. To the extent Pierce suffered any alleged damages or injuries, they were not proximately caused by Jacobson but rather were due to or are the result of circumstances over which Jacobson had no responsibility or control and/or were due to the actions or inactions of Pierce or others.

26. Pierce has failed to mitigate her damages, if any.

27. Pending completion of discovery, Jacobson reserves all affirmative defenses available under the law.

**WHEREFORE,** Jacobson prays that the EEOC's Complaint be dismissed with prejudice and that Jacobson be awarded its attorney's fees, costs, disbursements, interest, and such further relief as the Court deems appropriate.

**JACOBSON DEMANDS TRIAL BY JURY OF THE GREATEST NUMBER ALLOWED BY LAW.**

**VOGEL LAW FIRM**

Dated: November 15, 2023

BY: */s/ MacKenzie L. Hertz*
MacKenzie L. Hertz (#09392)
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983

Email: mhertz@vogellaw.com
ATTORNEYS FOR DEFENDANT

5277677.1