IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>and<br><br>Mammie M. Pierce,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>Jacobson Memorial Hospital Care Center, Inc.,<br><br>Defendant. | Case No. 1:23-cv-00192 |

**ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT DECREE**

**INTRODUCTION**

[¶ 1]   THIS MATTER comes before the Court upon a Joint Motion for Entry of Consent Decree filed by the Parties on April 15, 2024. Doc. No. 31. The Parties have agreed to the terms of the proposed Consent Decree as final resolution of the litigation between them and request the proposed Consent Decree be entered. Having considered the request, the Court finds it is reasonable under the circumstances. The Joint Motion for Entry of Consent Decree is, therefore, **GRANTED**.

**CONSENT DECREE**

I.   **The Litigation**

[¶ 2]   Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Complaint against Defendant Jacobson Memorial Hospital Care Center, Inc. ("Jacobson" or "Defendant") in

the United States District Court for the District of North Dakota for violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging that Jacobson discriminated against one of its employees, Mammie M. Pierce ("Pierce" or "Plaintiff-Intervenor"), by terminating Pierce in retaliation for Pierce's racial harassment complaint.

[¶ 3]   Pierce moved to intervene in this matter on October 23, 2023, and this Court granted the motion on October 25, 2023.

[¶ 4]   In the interest of resolving this matter, and after engaging in comprehensive settlement negotiations, Plaintiff, Plaintiff-Intervenor, and Defendant (collectively, the "Parties") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve Plaintiff's and Plaintiff-Intervenor's Complaints against Defendant in *U.S. Equal Employment Opportunity Commission v. Jacobson Memorial Hospital Care Center, Inc.*, Civil No. 1:23-cv-00192 (the "Action").

[¶ 5]   This Decree fully and finally resolves any and all issues and claims arising out of the Complaints filed by the Plaintiff and Plaintiff-Intervenor and shall be binding on the Plaintiff; Plaintiff-Intervenor; Defendant; Defendant's directors, officers, agents, employees, successors, and assigns; and all persons in active concert or participation with Defendant.

**II.     Findings**

[¶ 6]   Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds:

1. The Court has jurisdiction over the Parties and the subject matter of this litigation;

2. The terms of this Decree are adequate, fair, reasonable, equitable, and just;

3. The rights of the Parties and the public interest are adequately protected by this Decree;

4. Entry of this Decree will further the objectives of Title VII and will be in the best interests of the Parties and the public; and

5. This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

### III.    Injunction Against Retaliation

[¶ 7]    Jacobson, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in any form of retaliation against any person because such person has complained of racial harassment, opposed any practice prohibited by Title VII, filed a charge of discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or engaged in any action required by this Decree.

### IV.    Monetary Relief

[¶ 8]    Within ten (10) business days of the later of the Court's approval of this Decree, Defendant's receipt of the Release, attached as Exhibit A, signed by Pierce, or Defendant's receipt of the Side Settlement Agreement and Release signed by Pierce, Defendant shall pay Pierce the sum of $45,000.00. The Side Settlement Agreement and Release was negotiated between Pierce, her counsel and Jacobson. EEOC did not take part in those negotiations and has not approved the Side Settlement Agreement and Release. Defendant shall issue an IRS Form 1099 to Pierce for the amount of the monetary payment. Defendant shall send Pierce payment by cashier's check to Pierce's counsel at LeBlanc Law and Mediation LLC, 222 South 9th Street, #1600, Minneapolis, MN 55402. Defendant shall provide EEOC with a receipt or other record showing transmission of the funds to Pierce within 14 days of payment.

[¶ 9] If any portion of the monetary relief is not paid to Pierce within 10 business days of the latest event identified in Paragraph 8 above ("Unpaid Amount"), then for each day beyond the 10 business days that such portion remains unpaid, Defendant shall pay to Pierce, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount.

[¶ 10] Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree, aside from the mutually agreeable Side Settlement Agreement and Release as entered by and between Defendant and Pierce. In particular, including in any Side Settlement Agreement and Release, monetary relief is not conditioned on the agreement of Pierce to: (a) maintain as confidential the facts and/or allegations underlying the charge, her complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

### V. Reference for Pierce

[¶ 11] Jacobson will provide only neutral employment references, including dates of work and position held, for Pierce. Pierce will direct any and all inquiries relating to reference check information to: Kristin Heid, COO, or her successor. Jacobson will not share information with prospective employers regarding Ms. Pierce's racial harassment complaints, her termination, or this lawsuit.

### VI. Anti-Discrimination and Retaliation Policies

[¶ 12] Within twenty-one (21) days after the date of the entry of this Decree, Jacobson shall adopt or revise as necessary, and maintain through the term of this Decree, policies specifically prohibiting discrimination and retaliation under Title VII. Such policies and procedures shall, at minimum:

1. explain employees' and applicants' rights and employers' responsibilities under Title VII;

2. clearly describe a complaint process for employees or applicants who believe they have been subjected to discrimination, including unlawful racial harassment, or retaliation that informs employees they can make complaints or reports of discrimination or retaliation to any manager or supervisor, human resources, and/or the EEOC and/or similar state enforcement agency;

3. assure employees that if they complain of discrimination or provide information related to complaints of discrimination that they will be protected against retaliation;

4. provide that all complaints of discrimination or retaliation will be investigated; and

5. provide that Defendant will take immediate and appropriate corrective action when it determines that discrimination or retaliation has occurred.

[¶ 13] No later than thirty (30) days after entry of this Decree, Defendant shall provide to EEOC a copy of all policies and procedures related to discrimination and retaliation; such policies and procedures shall conform to the provisions of Paragraph 12 of this Decree.

[¶ 14] No later than forty (40) days after entry of this Decree, Defendant shall distribute its policies to all Jacobson employees.

[¶ 15] No later than fifty (50) days after entry of this Decree, Defendant shall submit to EEOC a statement confirming distribution of the policies to all Jacobson employees.

[¶ 16] Nothing in this Decree represents an endorsement by EEOC or by the Court that either Defendant or any of its policies are in compliance with federal anti-discrimination laws.

## VII. Posting of Notice

[¶ 17]  No later than fourteen (14) days after entry of this Decree, and continuously for the duration of this Decree, Defendant shall post copies of the Notice attached as Exhibit B to this Decree in conspicuous locations on bulletin boards or other physical spaces that are regularly used by Defendant for posting legal notices concerning employee rights in all its locations. No later than twenty-one (21) days after entry of this Decree, Defendant shall certify to EEOC in writing that the Notices have been properly posted and distributed in accordance with this Paragraph.

## VIII. Record Keeping

[¶ 18]  During the term of this Decree, Defendant must make and retain records of every complaint or report of racial discrimination or harassment and/or retaliation for making a complaint of racial discrimination or harassment, as well as all documents received or created as part of any investigation into any complaint of racial discrimination or harassment and/or retaliation for making a complaint of racial discrimination or harassment.

[¶ 19]  For each such complaint or report of racial discrimination or harassment or retaliation as described in Paragraph 18, above, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number; (b) the date of the complaint or report; (c) a written description of what was alleged; (d) the name and position of all employees who were made aware of the complaint or report; (e) a written description of the resolution or outcome, including a description of what actions, if any, Defendant took, and the name and position of all employees who were involved in any such actions taken; (f) if the complaint or report was made in written form, a copy thereof; and (g) all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

### IX. Reporting

[¶ 20] Defendant shall furnish to EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after the entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

1. Copies of all records described in Paragraphs 18-19, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that it received no complaints or reports of racial discrimination or harassment or retaliation; and

2. A certification by Defendant that the Notice required to be posted pursuant to Paragraph 17 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

### X. Training

[¶ 21] During the term of the Decree, as defined in Paragraph 27 below, Defendant shall provide annual training to all Jacobson employees, management personnel, and human resources employees in all Jacobson locations. Such training shall cover the federal laws which prohibit employment discrimination, with a particular emphasis on the obligations of employers under Title VII to not retaliate against employees who make complaints of harassment or discrimination. The first annual training shall be completed within ninety (90) days of entry of the Decree. Jacobson shall repeat this training at least once every twelve (12) months for the duration of the Decree, with each annual training occurring within ninety (90) days of each anniversary of entry of the

Decree. Such training may be conducted by reliable electronic means, such as video conferencing. A registry of attendance shall be maintained for each training session required under this Paragraph.

[¶ 22]  Jacobson shall notify EEOC of its proposed trainer(s) and the content the trainer proposes to present before the commencement of any training session required under Paragraph 21, above. The trainer shall not be an owner, officer, or employee of Defendant. Jacobson shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of their proposed trainer(s) (including copies of all materials proposed to be displayed, distributed, or otherwise presented) to EEOC at least twenty-one (21) days prior to the proposed date of each training session. EEOC shall have seven (7) days from the date it receives the information described above to object to the proposed trainer(s) and/or content the trainer proposes to present. In the event EEOC objects to Defendant's proposed trainer(s) and/or training materials, Defendant shall have seven (7) days to identify an alternative trainer and/or make changes to the training materials. EEOC shall then have seven (7) days from the date it receives the information described above to object to the alternate trainer, and/or revised training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 24 below.

[¶ 23]  No later than fourteen (14) days after each training session described in Paragraph 21 above takes place, Jacobson shall certify to EEOC in writing that the required training session has taken place and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name, position, and location of all the employees subject to the training requirement,

specifically denoting any employees who did not receive the training; and (d) copies of any and all pamphlets, brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to EEOC. In the event that an employee misses the initial training session, Defendant agrees that it will provide that employee with access to a recording of the training within fourteen (14) days of the initial training session and inform EEOC of the same within seven (7) days after such makeup training is completed.

### XI.     Dispute Resolution

[¶ 24] If any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the alleged non-complying party of the alleged non-compliance in writing and shall afford the alleged non-complying twenty-one (21) days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within twenty-one (21) days, the complaining party may apply to the Court for relief, including modification of this Decree or any other relief that the Court determines to be appropriate.

[¶ 25] In resolving any dispute regarding Defendant's compliance with any provision of the Decree, the Court shall have available to it all equitable remedies which come within the Court's inherent authority, including, but not limited to, extension of any or all terms of the Decree and/or imposing a monetary fine for non-compliance.

### XII.    Term of the Decree

[¶ 26] The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

[¶ 27] This Decree shall remain in effect for a term of three (3) years immediately following the entry of the Decree for all of Defendant's locations, unless extended by order of this Court. No party will contest the validity of this Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

[¶ 28] If any disputes under Paragraph 24 remains unresolved at the end of the term of the Decree, the term of the Decree shall be automatically extended, and the Court will have jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

### XIII. Miscellaneous Provisions

[¶ 29] Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree.

[¶ 30] The terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

[¶ 31] When this Decree refers to a period of days, days shall be counted in calendar days, unless otherwise provided herein.

[¶ 32] When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management employee of Defendant to the best of such owner's, officer's, or management employee's knowledge, information, and belief.

[¶ 33]  Defendant shall reasonably require personnel within its employ, upon request by EEOC, to cooperate with and to be interviewed by EEOC for purposes of verifying compliance with this Decree.  Defendant shall permit a representative of EEOC to enter Defendant's premises on two days' notice, during normal hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that EEOC may enter Defendant's premises without advance notice, during normal hours, for the purpose of verifying compliance with the notice posting requirement of Paragraph 17.

[¶ 34]  When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to EEOC, they shall be sent by electronic mail to CDO_Decrees@eeoc.gov. In addition, Defendant should also send reports by U.S. Mail to Jacobson Consent Decree Compliance, Legal Unit, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn St, Ste. 2920, Chicago, IL 60604.

### XIV.   Modification and Severability

[¶ 35]  This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing.

[¶ 36]  If one or more provisions of the Decree are deemed unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved with the remaining provisions.

## CONCLUSION

[¶ 37]  For the foregoing reasons, the Joint Motion for Entry of Consent Decree is **GRANTED** and the Consent Decree is **ORDERED**.

[¶ 38]  **IT IS SO ORDERED, ADJUDGED, and DECREED**

Dated April 15, 2024.

Daniel M. Traynor, District Judge
United States District Court

AGREED TO IN FORM AND CONTENT:

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | JACOBSON MEMORIAL HOSPITAL CARE CENTER, INC |
|---|---|
| KARLA GILBRIDE<br>General Counsel<br><br>CHRISTOPHER LAGE<br>Deputy General Counsel<br>131 M. Street NE<br>Washington, DC 20507<br><br>s/ *Gregory Gochanour*<br>GREGORY GOCHANOUR<br>Regional Attorney<br><br>Ann Henry<br>Acting Supervisory Trial Attorney<br>Elizabeth B. Banaszak<br>Anne Gallerano<br>Trial Attorneys<br>U.S. EEOC Chicago District Office<br>230 S. Dearborn St., Ste. 2920<br>Chicago, IL 60604<br>312.872.9676<br>elizabeth.banaszak@eeoc.gov<br><br>ATTORNEYS FOR PLAINTIFF EEOC | s/ *MacKenzie L. Hertz*<br>MacKenzie L. Hertz<br>Vogel Law Firm<br>218 NP Avenue<br>PO Box 1389<br>Fargo, ND 58107-1389<br>701.237.6983 (phone)<br>mhertz@vogellaw.com<br><br>ATTORNEY FOR DEFENDANT |

s/ *Joseph J. LeBlanc*
Joseph J. LeBlanc
LeBlanc Law & Mediation LLC
222 South Ninth Street, Suite 1600
Minneapolis, MN 55402
612.819.9652 (phone)
joe@leblanclawandmediation.com

ATTORNEY FOR PLAINTIFF-INTERVENOR, MAMMIE M. PIERCE